UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| )<br>RESIDENTIAL FUNDING COMPANY, )<br>LLC, f/k/a RESIDENTIAL FUNDING )<br>CORPORATION, )<br> )<br>Plaintiff/Defendant-in- )<br>Counterclaim, )<br> )<br>v. )<br> )<br>ALLISON L. RANDLE AND ARA )<br>ERESIAN, JR., )<br> )<br>Defendants/Plaintiffs-in- )<br>Counterclaim )<br> ) | **CIVIL ACTION**<br>**NO. 13-40076-TSH** |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE AND TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (Docket No. 6)**
**November 25, 2013**

HILLMAN, D.J.

## Introduction

Residential Funding Company, LLC ("Plaintiff") brought a Summary Process (Eviction) Summons and Complaint against Allison L. Randle ("Randle") and Ara Eresian Jr. ("Eresian") (collectively "Defendants"). Defendants each filed an answer asserting 16 affirmative defenses; Randle also asserted five counterclaims and Eresian asserted four. Defendants then removed this case from the Worcester Housing Court to this Court. Plaintiff now moves to strike the Defendants' affirmative defenses and dismiss their counterclaims. For the reasons set forth below, Plaintiff's Motion to Strike and to Dismiss Defendants' Affirmative Defenses and Counterclaims (Docket No. 6) is granted in part and denied in part.

1

**Facts**

On or around April 8, 2003 Randle executed and delivered a mortgage deed (the "Mortgage") and promissory note in favor of Sherwood Mortgage Group, Inc. in the amount of $150,000. The Mortgage was secured by the property located at Unit 83, 83-85 Whitney Street, Northborough, Massachusetts (the "Property"). On or about April 8, 2003 Sherwood purportedly assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for GMAC Bank. On or about April 2, 2009 MERS as nominee for GMAC Bank purportedly assigned the Mortgage to GMAC Mortgage, LLC. On August 12, 2009 Randle filed a complaint in the Land Court seeking a declaratory judgment that GMAC Mortgage did not hold any claim secured by the Mortgage. The Land Court found that GMAC Mortgage was the holder of the Mortgage.

GMAC Mortgage scheduled a foreclosure sale for September 23, 2011. GMAC Mortgage postponed this sale by public proclamation to September 27, 2011. On September 27, 2011 GMAC Mortgage again postponed the sale by public proclamation, this time to October 26, 2011. The foreclosure sale commenced at approximately 10:00 am on October 26, 2011. As a result of this sale, Plaintiff acquired title to the property. Plaintiff brought an eviction action against Defendants in the Worcester Housing Court, which Defendants removed to this Court. Plaintiff now asks the Court the strike Defendants affirmative defenses and dismiss their counterclaims, arguing they are barred by res judicata, that Eresian lacks standing to raise them, and that Randle is not entitled to raise defenses.

**Discussion**

*Whether Res Judicata Applies*

Plaintiff argues that certain affirmative defenses and counterclaims are barred by res

judicata, specifically that they were adjudicated in the prior Land Court case *Allison L. Randle v. GMAC Mortgage, LLC*, 18 LCR 546, 2010 WL 3984714 (2010). Res judicata, also called claim preclusion, "prevents relitigation of all matters that were or could have been adjudicated in the action." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) (quoting *Kobrin v. Bd. of Regist. in Med.*, 444 Mass. 837 (Mass.2005)). Res judicata applies when three elements are present: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Id*. Causes of action are identical for the purposes of res judicata "if they 'grow[ ] out of the same transaction, act, or agreement, and seek[ ] redress for the same wrong.'" *Id*. (quoting *Brunson v. Wall*, 405 Mass. 446, 541 N.E.2d 338, 341 n. 9 (Mass.1989)). Defendants do not contest the identity or privity of the parties to the present and prior actions; rather Defendants argue res judicata is inapplicable because Randle was unable to fully litigate her claim in the first action and because the defenses and claims regarding how the foreclosure sale was conducted were not litigated previously.

In the Land Court action, Randle sought declaratory judgment that GMAC Mortgage did not hold any claim secured by the Mortgage. The Land Court found that GMAC Bank assigned the Mortgage to GMAC Mortgage and unequivocally held that GMAC Mortgage was the record holder of the Mortgage. *Allison L. Randle, LLC*, 2010 WL 3984714, *5. Randle and Eresian's second, fourth, fifth, and tenth affirmative defenses and their first and second counterclaims are identical and rely on the proposition that GMAC Bank never held any interest in the Mortgage and did not exist prior to March 24, 2004 and therefore GMAC Mortgage, its assignee, never held any interest in the Mortgage. Indeed, Defendants counterclaims ask this Court, as Randle did the Land Court, to issue a declaratory judgment that GMAC Mortgage never held an interest

in the Mortgage or its attendant note. The above listed counterclaims and affirmative defenses clearly raise the same claims that the Land Court conclusively ruled on and thus res judicata applies. *See Wenzel v. Sand Canyon Corp.*, 841 F. Supp. 2d 463, 480 (D. Mass. 2012) abrogated on other grounds *by Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282 (1st Cir. 2013) ("a court may bar a claim under res judicata principles when title to property was at issue between the same parties (or those in privity with them) in a prior action, and is sought to be litigated in the current proceeding.").

Defendants claim that, despite the above, res judicata should not apply because Randle was unable to fully litigate her claim in the prior action due to the unsettled state of the applicable law. Specifically, Defendants argue that it was unclear at the time of the Land Court case whether a mortgagor could directly challenge mortgage assignments, and that this issue has now been clarified by *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282 (1st Cir. 2013). This argument is unavailing for two reasons. First, the unsettled nature of the law did not prevent Randle from contesting the assignments; as Defendants themselves note, many courts pre-*Culhane* found mortgagors did have standing to challenge assignments. Randle certainly could have raised the issue. More importantly, a subsequent change in the law does not affect res judicata. *Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 12 (1st Cir. 2009) abrogated on other grounds by *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 130 S. Ct. 2323, 176 L. Ed. 2d 1131 (2010) ("res judicata, i.e. claim preclusion, is not affected by a change in the law."); *see also Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1380-1381 (Fed. Cir. 2008) ("there is no 'change of law' or fairness exception to prevent application of claim preclusion."); *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984) ("The general rule in this circuit, and throughout the nation, is that changes in the law after a final judgment do not prevent

the application of res judicata"); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) (noting that subsequent judicial pronouncements "cannot be raised by previously unsuccessful litigants" to avoid res judicata).  Consequently, *Culhane* does not make res judicata inapplicable.

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading any insufficient defense."  Motions to strike under this rule are generally disfavored, but may be granted "when it is beyond cavil that the defendant[] could not prevail on them." *U.S. S.E.C. v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F.Supp. 22, 24 (D.Mass.1998)).  Similarly, a motion to dismiss should be granted "when the complaint, the documents incorporated by reference in it, matters of public record, and other matters susceptible to judicial notice coalesce to show beyond doubt that an action is barred, under the doctrine of res judicata, by a prior adjudication." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003).  It is clear in this case that res judicata bars Randle and Eresian from prevailing on their respective second, fourth, fifth, and tenth affirmative defenses; these affirmative defenses are therefore stricken. Res judicata also bars Randle and Eresian's respective first and second counterclaims, and as such these counterclaims are dismissed.

Defendants correctly assert that the affirmative defenses and counterclaims relating to the conducting of October 26, 2011 foreclosure sale were not the previously litigated and are not barred by res judicata.

*Whether Eresian Has Standing to Raise Affirmative Defenses and Counterclaims*

Plaintiff argues Eresian cannot raise any affirmative defenses or counterclaims because he is a stranger to the property. In fact, Eresian is a lessee of the Property. Under M.G.L. c 239 s. 8A, as a lessee, in an action brought pursuant to a notice to quit or whose tenancy is being

terminated without fault of the tenant is entitled to raise, by defense or counterclaim, any claim against Plaintiff for a violation of any law. Accordingly, Eresian does have standing to assert the remaining affirmative defenses and counterclaims.

*Whether Randle is Entitle to Raise "Defenses"*

Plaintiff claims Randle does not meet the statutory criteria for maintaining counterclaims or affirmative defenses in this action because M.G.L. c. 239 s. 8A applies only to tenants, not to former owners in possession. This argument is baseless. The central case cited by Plaintiff held only that former owners in possession could not assert defenses under M.G.L. c. 239 s. 8A relating to condition of the property. *Deutsche Bank Nat. Trust Co. v. Gabriel*, 81 Mass. App. Ct. 564, 572, review denied, 462 Mass. 1107 (2012). Here, Randle is not asserting a conditions defense, but is challenging Plaintiff's entitlement to possession and the validity of the mortgage sale. Such defenses have been explicitly allowed by the courts in summary process cases. *Wenzel,* 841 F. Supp. 2d at 480 (quoting *Bank of New York v. KC Bailey*, 460 Mass. 327, 333 (2011)) ("Challenging a plaintiff's entitlement to possession has long been considered a valid defense to a summary process action for eviction where the property was purchased at a foreclosure sale."); *Solomont v. Howe Real Estate Advisors*, LLC, 11 MISC. 448092 GHP, 2011 WL 4483960 (Mass. Land Ct. Sept. 28, 2011) ("a mortgagor owner, faced with eviction in a summary process action commenced following mortgage foreclosure, has the full opportunity needed to raise, as a defense in the summary process case, challenges to the mortgage foreclosure, and to the validity of the title which the foreclosure sale and deed yielded."). Randle is certainly entitled to assert the remaining affirmative defenses, and as such they will not be stricken.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike and to Dismiss Defendants' Affirmative Defenses and Counterclaims in ***granted*** in part and ***denied*** in part.  Both Randle and Eresian's second, fourth, fifth, and tenth affirmative defenses are stricken. Both Randle and Eresian's first and second counterclaims are dismissed. The remaining affirmative defenses and counterclaims are neither stricken nor dismissed.

SO ORDERED.

>                                    */s/ Timothy S. Hillman*
>                                    **TIMOTHY S. HILLMAN**
>                                    **UNITED STATES DISTRICT JUDGE**