UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC, f/k/a RESIDENTIAL FUNDING CORPORATION,<br><br>　　　　Plaintiff/Defendant-in-Counterclaim,<br><br>　　　　v.<br><br>ALLISON L. RANDLE AND ARA ERESIAN, JR.,<br><br>　　　　Defendants/Plaintiffs-in-Counterclaim | CIVIL ACTION<br>NO. 13-40076-TSH |

### ORDER ON PLAINTIFF'S MOTION FOR USE AND OCCUPANCY (Docket No. 7)
**November 25, 2013**

HILLMAN, D.J.

　　Residential Funding Company, LLC ("Plaintiff") brought a Summary Process (Eviction) Summons and Complaint against Allison L. Randle ("Randle") and Ara Eresian Jr. ("Eresian") (collectively "Defendants"). Defendants removed the case from the Worcester Housing Court to this Court. Plaintiff now asks this Court to order Defendants to pay monthly use and occupancy in the amount of $1,700 pending the resolution of this matter.

　　On or around April 8, 2003 Randle executed and delivered a mortgage deed and promissory note in favor of Sherwood Mortgage Group, Inc. in the amount of $150,000. The Mortgage was secured by the property located at Unit 83, 83-85 Whitney Street, Northborough, Massachusetts (the "Property"). On or about April 8, 2003 Sherwood purportedly assigned the

Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Bank. On or about April 2, 2009 MERS as nominee for GMAC Bank purportedly assigned the Mortgage to GMAC Mortgage, LLC. In January 2012, as the result of a foreclosure sale, Plaintiff acquired the property and, in June 2013, Plaintiff brought an eviction action against Defendants.

Plaintiff argues that Defendants, by removing this case, are engaging in delay tactics in order to stay at the Property for free for as long as possible, and should have to pay use and occupancy as an incentive to resolve the case. However, in Massachusetts "recovery for use and occupancy in a summary process action requires a judgment." *HSBC Bank USA, Nat. Ass'n v. Galebach*, 2012 Mass. App. Div. 155, n. 13 (Dist. Ct. 2012) (vacating a pretrial order for use and occupancy because it was issued without statutory authority); M.G.L. c. 239, s. 2, 3.  Use and occupancy payments may also be ordered as a condition of an appeal bond after judgment, but there is not authority for the proposition that use and occupancy payments may be ordered in the pretrial phase.  *Id.*; M.G.L. c. 239 s. 5, 6.

Plaintiff's Motion for Use and Occupancy (Docket No. 7) is therefore ***denied***.

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**